## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ELIZABETH A. METTILLE,

*Plaintiff,*

v.                                                            Case No. 22-4019-EFM-RES

PRAIRIE EXPRESS, INC.,

*Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Elizabeth A. Mettille's Motion for Default Judgment and Request for Hearing on Damages (Doc. 57). Mettille seeks default judgment against Defendant Prairie Express, Inc. in the amount of $98,452.80. She also seeks reasonable attorney's fees and costs, plus interest. For the reasons set forth in more detail below, the Court grants Mettille's motion.

### I.        Factual and Procedural Background

In July of 2019, Prairie Express hired Mettille, a female, as a delivery driver. Mettille was sexually harassed by a male co-worker while working for Prairie Express. The co-worker would ask intimate questions about Mettille's personal life, make statements about wanting to be involved in her personal life, make romantic and sexual advances towards her, physically touch her person, pull her hair, and corner her in confined and secluded areas. Mettille rejected the co-worker's advances and protested his behavior. In response to Mettille's rejection, the co-worker began

sabotaging the delivery truck she drove by cutting ratchet straps and loosening the lug nuts on the tires.

Mettille complained to Prairie Express, including all of her supervisors, about her co-worker's behavior. She also filed formal complaints with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC"). In response to her complaints, Prairie Express told Mettille that it would "look into it" and "take care of it." However, Prairie Express did not conduct a thorough investigation and ultimately did not take any actions to respond to Mettille's complaints. Instead, Prairie Express reprimanded Mettille for filing formal complaints and began treating her differently. Ultimately, Mettille was constructively discharged from her employment with Prairie Express in March of 2021.

On June 8, 2022, Mettille filed an Amended Complaint against Prairie Express alleging violations of Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination. She successfully served Prairie Express on April 14, 2023. Prairie Express filed its Answer on May 18,2023.

At a status conference on February 7, 2024, Prairie Express's counsel indicated that it had been experiencing difficulty contacting Prairie Express. On February 21, 2024, Prairie Express's counsel filed a motion to withdraw as counsel of record. That motion was denied without prejudice. On February 26, 2024, Prairie Express's counsel filed an amended motion to withdraw as counsel of record. The amended motion was ultimately granted.

The Court cautioned Prairie Express that business entities must be represented by legal counsel and ordered Prairie Express to have its replacement counsel, enter his or her appearance on or before April 8, 2024. The Court further cautioned Prairie Express that if it should fail to

replace its counsel, the Court would likely direct the Clerk to enter default judgment for failure to defend.

On June 18, 2024, the Court filed a Notice and Order to Show Cause, asking Prairie Express to explain by July 12, 2024, why the Court should not direct the Clerk to enter default. Prairie Express failed to show cause or otherwise respond to the Court's order.

The Court ordered a Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a) on July 22, 2024. The Court also set a deadline for Mettille to file for an entry of default judgment by August 16, 2024. A Clerk's Entry of Default was entered against Prairie Express on July 22, 2024.

Mettille filed a Motion for Default Judgment on August 16, 2024. No response to the motion has been filed, and the time to do so has expired. Thus, Mettille's motion is unopposed.

## II.     Analysis

Mettille has already obtained an entry of default against Prairie Express. Now, she seeks default judgment in the amount of $98,452.80, plus reasonable attorney's fees and costs, and interest, which will continue to accrue at 1.5% per month until all outstanding amounts are paid in full. Federal Rule of Civil Procedure 55 adopts a two-step process for securing a default judgment. First, Rule 55(a) authorizes the Clerk to enter a default against a party who "has failed to plead or otherwise defend" a lawsuit. Second, after the Clerk enters default, plaintiff may request the Clerk to enter judgment under Rule 55(b)(1) if the amount sought "is a sum certain or a sum that can be made certain by computation."[1] However, in cases where a plaintiff's claim is not for a sum certain

---

[1] Fed. R. Civ. P. 55(b)(1).

or cannot be made certain by computation, the party must apply to the court for a default judgment under Rule 55(b)(2).[2]

"Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief."[3] When deciding whether to enter a default judgment, a district court enjoys broad discretion.[4] "But a default judgment only establishes liability; it does not establish the amount of damages."[5] "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."[6] "Default judgment may only be entered against Defendants whom the court determines are not minors or incompetent persons."[7]

Here, Mettille has already satisfied the first step under Rule 55 by obtaining an entry of default by the clerk against Prairie Express. As to the second step, the Court finds that Prairie Express is not a minor or an incompetent person and accordingly may enter default against them.

As for damages, Mettille asserts that Prairie Express's violations of Title VII and the Kansas Act Against Discrimination entitle her to equitable relief, compensatory and punitive damages, and reasonable attorney's fees and costs. However, the Court lacks the adequate record to determine what amount of damages should be awarded. Thus, the Court enters default judgment against Prairie Express and will schedule a hearing on damages.

---

[2] Fed. R. Civ. P. 55(b)(2).

[3] *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (citations and internal quotation marks omitted).

[4] *Id.*

[5] *Hermeris, Inc. v. McBrien*, 2012 WL 1091581, at *1 (D. Kan. 2012).

[6] *DeMarsh v. Tornado Innovations, L.P.*, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

[7] *Hermeris*, 2012 WL 1091581, at *1 (citing Fed. R. Civ. P. 55(b)).

-4-

**IT IS THEREFORE ORDERED** that Plaintiff Elizabeth A. Mettille's Motion for Default Judgment and Request for Hearing on Damages (Doc. 57) is **GRANTED**. Judgment shall be entered against Defendant Prairie Fire and the Court will schedule a hearing on damages.

**IT IS SO ORDERED.**

Dated this 27th day of November, 2024.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE