IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELIZABETH A. METTILLE, ) | |
| ) | |
|        Plaintiff, ) | |
| ) | Case No.: 22-4019-HLT-RES |
| v. ) | |
| ) | |
| PRAIRIE EXPRESS, INC., ) | |
| ) | |
|        Defendant. ) | |

**SUPPLEMENTAL MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

COMES NOW, Plaintiff, Elizabeth A. Mettille, by and through counsel, Bruce Alan Brumley and Chloe Elizabeth Davis, to supplement Plaintiff's Motion for Default Judgment and Request for Hearing on Damages (ECF. 57) concerning Plaintiff's request for an award of attorney's fees and costs. In support, the following is stated:

### BACKGROUND

Plaintiff filed her Amended Complaint on June 8, 2022, alleging violations of Title VII of the Civil Rights Act of 1964 and the Kansas Act Against Discrimination on the part of the Defendant herein. (ECF. 8). After obtaining leave of Court, Plaintiff successfully served Defendant on April 14, 2023 pursuant to Federal Rule of Civil Procedure 4. (ECF. 22, 23). Defendant entered an appearance on May 5, 2023 and submitted an Answer on May 18, 2023. (ECF. 24, 28). After initial scheduling efforts were completed between the parties and the Court, communication between the parties began to break down before Defendant's counsel ultimately withdrew on March 8, 2024. (ECF. 51). The Court permitted Defendant to retain replacement counsel on or before April 8, 2024 and extended this deadline *sua sponte* until June 14, 2024 due to mail tracking and delivery issues. (ECF. 51, 52, 53). When replacement counsel failed to enter an appearance by June 14, 2024, the Court issued a Notice and Order to Show Cause related to the matter on June

1

18, 2024, ordering Defendant to show cause as to why the Court should not direct the Clerk to enter default pursuant to Fed. R. Civ. P. 55(a) by July 12, 2024. (ECF. 54). When Defendant did not respond to the Court's Notice and Order to Show Cause, the Court ordered the Clerk to enter default against Defendant on July 22, 2024 and the Clerk did so that same day. (ECF. 55, 56). Plaintiff filed a Motion for Default Judgment and Request for Hearing on Damages on August 16, 2024, which the Court granted on December 2, 2024. (ECF. 57, 58). A hearing on Plaintiff's damages has been scheduled for February 20, 2025, and Plaintiff now supplements Plaintiff's Motion for Default Judgment and Request for Hearing on Damages to address Plaintiff's request for an order awarding attorney's fees and costs.

## I.     Title VII Permits Recovery of Reasonable Attorney's Fees and Costs

Title VII allows a prevailing party to recover "reasonable attorney's fees (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k). To secure an award of attorney's fees under Title VII, a claimant must prove two elements: 1) that the claimant was the prevailing party in the proceeding; and 2) that the claimant's fee request is reasonable. *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010) (quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998)).

### A.     Prevailing Party

A prevailing party is one that succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Based on the language of the Court's Order (ECF. 16), Plaintiff submits this motion assuming the Court's entry of default judgment against Defendant in favor of Plaintiff following the January 13, 2023 hearing. Should said entry of default be entered in Plaintiff's favor, the first element required to recover attorney's fees under Title VII is satisfied.

**B.    Calculating Accrued Lodestar**

The Tenth Circuit has instructed that the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, also known as the lodestar method. *Flitton*, 614 F.3d at 1176. Once an applicant satisfies this burden, the court presumes that the lodestar figure is a reasonable fee. *Robinson*, 160 F.3d at 1281.

In examining the hourly rate, the court is to refer to the prevailing market rates in the relevant community. *Leidel v. Ameripride Servs., Inc.*, 322 F. Supp. 2d 1206, 1211 (D. Kan. 2004). The relevant community is the place where the litigation occurs. *Id.* In making this determination, the court may rely on its own knowledge of prevailing market rates. *Id.* In *Leidel*, a 2004 Title VII case, this Court determined that $150.00 per hour was a reasonable hourly rate for the Topeka, Kansas area. *Id.*

Plaintiff's counsel and support staff have worked, as of the date of this motion, upwards of 91 hours on this file and will continue to dedicate hours into the future, not including the March 19, 2025, hearing and associated preparation. *Exhibit A, Exhibit C.* Based on the determination that $150.00 per hour was reasonable for the Topeka, KS area by the *Leidel* court, and considering an average inflation rate of 2.60% per year over the last 20 years, $150.00 per hour in 2004 would translate to $250.00 per hour today.

As such, Plaintiff's counsel's accrued lodestar equals $22,875.00, based on 91.5 hours of expended hours multiplied by $250.00 per hour. Plaintiff further requests $568.92 in expenses/costs. *Exhibit B.* In total, Plaintiff requests an award of $23,443.92 in attorney's fees and costs/expenses.

**C.    The *Johnson* Factors**

Once the court determines the lodestar, it must then determine whether any upward or downward adjustments should be made to the lodestar to account for the particularities of the suit and its outcome. *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1254 (D. Kan. 2017). In assessing whether adjustments should be made, courts often consider the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, which include:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) preclusion of other employment; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney's; (10) the undesirability of the case; (11) the nature and relationship of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d 714, 717–19 (5th Cir. 1974).

It is rare that all factors are met. *Fox*, 258 F. Supp. 3d at 1254. Although these factors may be considered, the court does not need to consider the factors subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate. *Id.* The lodestar calculation is meant to be the primary consideration when awarding fees rather than the *Johnson* factors. *Id.*

As stated above, Plaintiff's counsel and their staff have dedicated nearly 92 hours toward this file, including researching, drafting, analyzing, communicating and strategizing with the client, among others administrative activities. *Exhibit A, Exhibit C.* As such, considerable time and labor have been allocated to this file by Plaintiff's counsel.

Although this case presents relatively straightforward legal issues under Title VII, the facts of this case present rather difficult issues as the treatment that Plaintiff endured by Defendant was relatively blatant and severe. Additionally, Plaintiff's counsel has had to engage in relatively

4

extensive research in attempting to locate Defendant, Defendant's owners, previous owners, and determine if there are any assets that could potentially be seized to satisfy any potential awards. *Exhibit C*, ¶ 12.

Bruce Alan Brumley has been practicing law since 1993, largely in the fields of worker's compensation and personal injury; however, Mr. Brumley has handled several cases involving employment issues and oversees all cases handled by Brumley Law Office. *Exhibit C*, ¶ 5. Chloe Elizabeth Davis has been practicing law since 2020 but has focused her practice on employment issues from the beginning of her practice. *Exhibit C*, ¶¶ 2-4. Ms. Davis has handled more than sixty cases involving several areas of employment law such as Title VII, ADA, ADEA, FLSA, FMLA, among others, in addition to analogous state law causes of action. *Exhibit C*, ¶ 4. Of those sixty cases handled by Ms. Davis, at least fifty five of those have been in federal courts involving federal employment laws. *Id.* Ms. Davis has experienced every phase of litigation, to include the prerequisite filing with the administrative agency, extensive discovery and motion practice (dispositive and not), and engaging in appellate practice before the Tenth Circuit Court of Appeals. *Id.*

Nonetheless, no two employment cases are identical, and as such, diligent research was still required in order to ensure Plaintiff's claims were brought and litigated properly. *Id.* at ¶ 12-13. It is Plaintiff's counsel's obligation to spend as much time and effort as necessary to ensure competent representation of each and every client, which by its nature, interferes with taking on an unmanageable caseload. *Id.* at ¶ 6. As such, Plaintiff's counsel was mindful of each and every case taken while handling the current case, if not explicitly precluded from taking on other employment.

As it relates to the customary fees/contingency fee issues, Plaintiff incorporates by reference Plaintiff's subsection "C. Contingency Fee Arrangement" found below.

Although Plaintiff has not imposed time limitations on counsel, Title VII imposes strict time periods and limitations, such as the requirement to file suit within 90 days from the issuance of the right to sue letter. 42 U.S.C. § 2000e-5(f)(1). Further, as this Court is aware, the Federal Rules of Civil Procedure and this Court impose their own time limitations and deadlines that must be followed.

At this point, Plaintiff's counsel does not know the amount involved and/or obtained by Plaintiff, as judgment has not been entered by the Court. As it relates to the experience/reputation of the attorneys, Plaintiff incorporates by reference Plaintiff's discussion above concerning the same.

Based on Ms. Davis' experience in the field, Title VII cases can be very difficult due to the plaintiff-averse legal standards, intense discovery processes, and extensive motion practice, and therefore, undesirable to many legal practitioners. *Id.* at 7. Plaintiff's counsel has represented Plaintiff dating back to October 2020 and maintains a very cordial and professional relationship with Plaintiff. Plaintiff incorporates by reference Plaintiff's discussion above regarding the standard $250.00 per hour fee rate in similar cases.

### D. Contingency Fee Agreement

The Supreme Court has held that the attorney's fee provided for in a contingent-fee agreement is not a ceiling upon the fees recoverable under 42 U.S.C. § 1988. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). In *Fox v. Pittsburg State Univ.*, this Court found no reason the effect of a contingency agreement for the award of attorneys' fees under § 1988(b) should be treated differently under Title VII and despite the existence of a contingency agreement in that

matter, the *Fox* court still properly conducted a lodestar calculation. 258 F. Supp. 3d 1243, 1269-70 (D. Kan. 2017).

Instead of acting as a limit to a fee award, this Court has considered a contingency fee in the context of the financial risk plaintiff's counsel took in prosecuting the case, including delayed payment and the contingency fee agreement. *Id.* at 1270. The contingent nature of the fee does not justify enhancement of the lodestar after it has been calculated because an enhancement for contingency would likely duplicate in substantial part factors already subsumed in the lodestar. *Id.* Rather, the contingency risk should be reflected in the lodestar in the form of a higher hourly rate for the attorney skilled and experienced enough to overcome this risk. *Id.*

Based on Mr. Brumley's 30+ years of experience and Ms. Davis' experience in the employment law field, the customary fee for these types of claims is a contingency fee spanning from 30% to 45%. *Exhibit C*, ¶ 10. The representation and fee agreement entered into between Plaintiff and counsel is on a contingency fee basis of 40% pre-suit and 45% post-suit. *Id.* at ¶ 11.

**II.    Conclusion**

In conclusion, Plaintiff requests an award of $22,875.00 in attorney's fees based on 91.5 hours of expended hours multiplied by $250.00 per hour. Plaintiff further requests an award of $568.92 in expenses/costs. These numbers were calculated using the lodestar method as described herein. Although Plaintiff does not request a departure from the lodestar amount, when taking into account the *Johnson* factors and the contingency fee agreement between Plaintiff and counsel, the calculated lodestar amount is appropriate and should be awarded.

WHEREFORE, Plaintiff respectfully requests that Court award the above reasonable attorney's fees and costs.

Respectfully submitted,

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
BRUCE A. BRUMLEY, #16066
CHLOE E. DAVIS, #28517
BRUMLEY LAW OFFICE
2348 SW Topeka Blvd. Suite 201
Topeka, KS 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of March, 2025, a true and correct copy of the above and foregoing document was sent via certified United States mail to the following:

Prairie Express, LLC
Via Registered Agent
Incorp Services, Inc.
534 S Kansas Avenue, #1000
Topeka, KS 66603

       Respectfully submitted,

       <u>/s/Bruce Alan Brumley</u>
       <u>/s/Chloe Elizabeth Davis</u>
       BRUCE A. BRUMLEY, #16066
       CHLOE E. DAVIS, #28517
       BRUMLEY LAW OFFICE
       2348 SW Topeka Blvd. Suite 201
       Topeka, KS 66611
       P: (785) 267-3367 / F: (785) 233-3161
       chloe@brucebrumleylaw.com
       bruce@brucebrumleylaw.com

# Exhibit A

| Date | Activity | Time (hrs) | Notes |
|---|---|---|---|
| 10/8/2020 | Client Intake | 1 | CED spoke with PNC, confirmed material facts, dicsussed discussed merits of claim, instructed staff to send NCP |
| 10/22/2020 | CED reviewed NCP submission | 1.5 | CED reviewed materials submitted, including NCQ and materials from administrative proceedings. |
| 12/15/2020 | Drafted/sent EOA to KHRC/EEOC | 0.5 | |
| 6/29/2021 | Client Update | 0.5 | AC spoke with client, advised KHRC still conducting their investigation. |
| 12/22/2021 | CED drafted email to KHRC | 0.5 | CED emailed KHRC to follow up on investigation and advise we'd like a RTS letter if decision wasn't going to be issued soon. |
| 1/17/2022 | PC with CED | 1 | Discuss with client meaning of receiving RTS and next steps. Confirmed client would like to request RTS. |
| | CED requested RTS from EEOC | 0.5 | |
| 1/18/2022 | Received and reviewed RTS | 0.25 | |
| 2/21/2022 | CED review file, draft DKan complaint | 3 | |
| 3/10/2022 | CED spoke with KHRC and requested copy of client file | 0.5 | |
| 3/28/2022 | PC with client | 0.25 | PT called and spoke with client to set up PC with CED. |
| 3/31/2022 | PC with CED | 1 | |
| 4/5/2022 | PC with client | 0.5 | PT spoke with client, confirmed counseling/treatment and work environment. |
| 4/8/2022 | Finalize and file DKan complaint/opening docs | 3 | |
| 4/8/2022 | Drafted summons/sent for Clerk's seal | 0.5 | |
| 4/12/2022 | Sent process of service via certified mail | 1 | |
| 4/22/2022 | Draft/file proof of service | 0.5 | |
| 5/23/2022 | Drafted/sent letter to SOS via certified mail | 1 | |
| 6/7/2022 | Draft/file Response to Order to Show Cause | 8 | |
| 6/8/2022 | Drafted/file Amended Complaint | 3 | |
| 6/8/2022 | Drafted 2nd summons/sent for clerk's seal | 0.5 | |
| 6/28/2022 | Sent process of service via certified mail | 1 | |

| Date | Description | Hours | Notes |
|---|---|---|---|
| 7/5/2022 | Draft/file proof of service | 0.5 | |
| 8/4/2022 | PC with CED | 1 | |
| 8/9/2022 | Draft/file application for Clerk's Entry of Default | 1 | |
| 8/29/2022 | PC with client | 0.5 | PT spoke with client, following up on defendant's assests. |
| 9/1/2022 | Update to client | 0.25 | PT emailed client update regarding default judgment and advised of the long process to see about defendant's assets. |
| 9/21/2022 | CED reviewed client Affidavit | 0.5 | |
| 9/28/2022 | Research/draft/file MDJ/Hearing for Damages | 10 | |
| 12/14/2022 | Review Court's Report and Recommendations | 2 | |
| 12/28/2022 | Draft/filed Amended MDJ/Hearing for Damages | 8 | |
| 1/10/2023 | Conference Call with Judge Schwartz | 0.5 | |
| 3/14/2023 | Draft Motion for Leave | 1 | |
| 3/20/2023 | Drafted 3rd summons/sent for clerk's seal | 0.5 | |
| 4/14/2023 | Sent process of service via certified mail | 1 | |
| 4/25/2023 | Draft/file proof of service | 0.5 | |
| 5/22/2023 | Drafted proposed scheduling order with OC | 1 | |
| 5/26/2023 | Draft/file FRCP 26 Initial Disclosures | 1 | |
| 6/14/2023 | Drafted joint motion for protective order with OC | 1 | |
| 6/26/2023 | Investigated Defendant to determine assets | 4 | |
| 7/11/2023 | Mediation scheduled with mediator | 0.5 | |
| 7/13/2023 | Drafted/filed joint mediation notice | 0.5 | |
| 7/18/2023 | Scheduled mediation with Eischens + Vogel | 0.5 | |
| 8/7/2023 | Conferred with OC Motion for Extension of Time to Mediate | 1 | |
| 8/23/2023 | PC with OC | 0.25 | CC spoke with OC regarding situation with his client and rescheduling mediation |
| 9/15/2023 | Update to client | 0.25 | CC spoke wth client regarding status of case. |
| 10/30/2023 | PC with CC | 0.25 | CC spoke to client about engagment agreement and client filing bankruptcy. |
| 11/7/2023 | PC with CED | 1 | Explained to client issues with assets and company no longer existing, discussed settlement, bankruptcy. |

| Date | Description | Hours | Notes |
|---|---|---|---|
| 11/29/2023 | Drafted/filed joint motion to stay deadlines or amend scheduling order | 1 | |
| 1/31/2024 | Drafted/filed joint motion for extension of time | 1 | |
| 2/7/2024 | Status Conference before Judge Schwartz | 1 | |
| 2/26/2024 | PC with CED | 1 | |
| 3/6/2024 | Reviewed Court's Order following status conference | 2 | |
| 7/22/2024 | Reviewed Court's Order re Clerk's Entry of Default Judgment | 2 | |
| 8/16/2024 | Research, draft, file MFDJ | 8 | |
| 8/21/2024 | Sent MFDJ to OC via certified mail | 1 | |
| 8/30/2024 | PC with CED | 1 | Discussed status of case. |
| 10/4/2024 | Update to client | 0.5 | CC updated client advising CED filed the MFDJ, waiting on court decision. |
| 12/5/2024 | Reviewed Court's MFDJ decision | 1 | |
| 12/12/2024 | Update to client | 0.5 | CC updated client advising of motion hearing being set for 01.13.25. |
| 1/10/2025 | Prepped client for motion hearing | 2 | |
| 1/13/2025 | Contacted chambers to cancel scheduled hearing | 0.5 | |
| 1/13/2025 | Contacted Judge's chambers to reschedule hearing via email | 0.5 | |
| 1/14/2025 | PC with client | 0.25 | PT spoke with client to advise hearing being reset 2/20. |
| 1/16/2025 | Drafted letter to be sent to client re scheduled hearing | 0.25 | |
| | | **91.5** | |

Exhibit B

Elizabeth Mettille - Expense Sheet

| Date | Facility | Purpose | Check # | $ Amount |
|---|---|---|---|---|
| 1/5/22 | USPS | Certified Mail – SOS | CC | $16.25 |
| 4/8/22 | KS District Court | Filing Fee | CC | $402.00 |
| 4/12/22 | USPS | Certified Mail – Incorp Services | CC | $8.36 |
| 5/24/22 | USPS | Certified Mail – Summons | CC | $19.66 |
| 6/17/22 | USPS | Certified Mail – SOS 2nd time | CC | $8.96 |
| 8/10/22 | USPS | Certified Mail | CC | $8.09 |
| 4/19/23 | KS Secretary of State Office | | 19669 | $50.00 |
| | DC Filing System – PACER | Expense | CC | $53.10 |
| | | | | |
| | | | TOTAL | $566.42 |

# Exhibit C

| | |
|---|---|
| **COUNTY OF SHAWNEE** | ) |
| | ) |
| **STATE OF KANSAS** | ) |

## SWORN AFFIDAVIT OF CHLOE ELIZABETH DAVIS

I, Chloe Elizabeth Davis, of lawful age, being first sworn according to law depose and say the following:

1. This Affidavit is given in connection with Plaintiff's motion requesting attorney's fees and costs as permitted by to 42 U.S.C. § 2000e-5(k).

2. I am an attorney licensed to practice in the State of Kansas, the United States District Court of the District of Kansas, and the Tenth Circuit Court of Appeals. I have been licensed since 2020.

3. Since becoming licensed in 2020, I have focused primarily on employment law issues such as discrimination on the basis of immutable characteristics in violation of federal and state anti-discrimination laws.

4. Since September 2020, I have handled more than sixty cases involving several areas of employment law such as Title VII, ADA, ADEA, FLSA, FMLA, among others, in addition to analogous state law causes of action. Of those sixty cases, at least fifty five of them fell under federal jurisdiction and involved federal anti-discrimination causes of action. I have experienced every phase of the litigation process, including exhausting administrative remedies, filing in federal court, undergoing discovery, dealing with motion practice (dispositive and not), pre-trial matters, trial proceedings, and appeals to the Tenth Circuit Court of Appeals.

5. My boss, Bruce Alan Brumley, has been practicing law since 1993 and has largely practiced in the areas of worker's compensation and personal injury, representing injured plaintiffs. However, since I have worked with him, he has handled several employment-related

1

2

files. Additionally, he oversees all of the cases taken by Brumley Law Office, which means he oversees all of my employment cases.

6. It is customary, as plaintiff's attorneys, that we weigh the risk associated with taking on each case, which by its nature prevents us from taking on an unmanageable caseload, as we must take into account the time commitment that must be taken to competently represent each client.

7. It has been my experience that employment law cases can be very difficult and undesirable because of the plaintiff-averse legal standards, the intense and adversarial discovery process, the time consuming and complicated motion practice, among other reasons.

8. Customarily, Title VII cases are contracted on a contingent fee basis and not taken on an hourly basis. Since 2020, I have had less than five cases contracted on an hourly basis and each of those involved issues such as reviewing/negotiating severance agreements, non-compete agreements, etc.

9. In instances where Mr. Brumley and I have contracted on an hourly basis since 2020, I have charged a range of $200.00 to $250.00 per hour and Mr. Brumley has charged a range of $250.00 to $350.00 per hour.

10. Based on my experience in the field and discussions with other employment law attorneys, it is customary that the contingency fee agreements for employment issues span from 30% to 45%, usually dependent on what stage of the litigation is reached at the time of settlement/award.

11. Brumley Law Office entered into a representation and fee agreement with Ms. Mettille on October 19, 2020 based on a contingent fee of 40% should the case be resolved prior to the filing of a lawsuit or resolved thereafter.

12. In the process of representing Ms. Mettille in this case, I have conducted extensive research and tracking as it relates to Defendant, Defendant's owners/management, and potential assets that would satisfy any potential awards, in light of Defendant's default.

13. In the process of representing Ms. Mettille in this case, Brumley Law Office has expended nearly 92 hours researching, drafting, analyzing, communicating with the client, etc. on the file. Brumley Law Office will continue to expend hours on the file through the completion of the case.

**FURTHER AFFIANT SAYETH NAUGHT.**

Chloe Elizabeth Davis, #28517
BRUMLEY LAW OFFICE
2348 SW Topeka Blvd. Suite 201
Topeka, KS 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
Attorney for Plaintiff

COURTNEY D CLAIBORNE
Notary Public - State of Kansas
My Appointment Expires 2/12/28

3